**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4437**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARL WAITES, III,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:12-cr-00062-IMK-RWT-1)

Submitted: December 20, 2016      Decided: December 22, 2016

Before GREGORY, Chief Judge, and WYNN and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant. Zelda Elizabeth Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl Waites, III, appeals the district court's judgment revoking his term of supervised release and imposing a sentence of 10 months' imprisonment followed by 26 months' supervised release. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal. Waites was informed of his right to file a pro se supplemental brief, but he has not done so. Finding no error, we affirm.

"We review a district court's ultimate decision to revoke a defendant's supervised release for abuse of discretion" and its "factual findings underlying a revocation for clear error." United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015). Waites admitted to the charged violations of his supervised release and noted no objection to any part of the hearing. We discern no error in the district court's decision to revoke Waites' supervised release. Moreover, we conclude that the district court complied with the requirements of Fed. R. Crim. P. 32.1 in conducting the revocation hearing.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). A revocation sentence that "is within the statutory maximum and is not

2

plainly unreasonable" will be affirmed on appeal. Id. (internal quotation marks omitted). In evaluating a revocation sentence, we assess it for reasonableness, utilizing "the procedural and substantive considerations" employed in evaluating an original criminal sentence. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). A revocation sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors enumerated in 18 U.S.C. § 3583(e) (2012). Id. at 439.

The district court also must provide an explanation for its chosen sentence, but the explanation "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440. Only if we find a sentence procedurally or substantively unreasonable will we determine whether the sentence is "plainly" so. Id. at 439.

After giving Waites the opportunity to allocute and considering the parties' arguments and the relevant statutory factors, the district court sentenced Waites within the policy

3

statement range. The district court provided an explanation tailored to Waites, focusing on the fact that Waites committed multiple violations less than two months after his term of supervised release began. We therefore conclude that Waites' sentence is neither procedurally nor substantively unreasonable. We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court.

This court requires that counsel inform Waites, in writing, of the right to petition the Supreme Court of the United States for further review. If Waites requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Waites. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED